UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

| | |
|---|---|
| R. Alexander Acosta, Secretary of Labor, United States Department of Labor, : | |
| : | |
| Plaintiff, | **COMPLAINT** |
| v. : | |
| AGAVE ELMWOOD INC. d/b/a AGAVE MEXICAN RESTAURANT; DON TEQUILA DOS, INC. d/b/a EL AGAVE MEXICAN RESTAURANT; DON TEQUILA, INC. d/b/a DON TEQUILA MEXICAN RESTAURANT; DON TEQUILA 73, INC. d/b/a DON TEQUILA MEXICAN RESTAURANT, as successor to DON TEQUILA, INC.; MIS REINAS FOODS, INC. d/b/a LA DIVINA MEXICAN STORE; SERGIO MUCINO, individually; and JOSE MANUEL SANCHEZ-OCAMPO, individually, : : : : : : | Civil Action No. |
| Defendants. : | |

-------------------------------------------------------------------

Plaintiff R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under sections 16 and 17 of the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act" or "the FLSA"), alleging that defendants violated sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

Defendants, who operate several Mexican restaurants in or around Buffalo, New York, have willfully violated the FLSA by failing to pay their employees the applicable minimum wage and overtime premiums and maintaining false and inaccurate time and pay records. From the time defendants' opened each restaurant through at least October 18, 2016, they did not pay any overtime to their employees who typically and regularly worked sixty to sixty-six hours per week. Defendants also violated the FLSA by failing to pay any wages to many of their

employees, including but not limited to, servers who were paid only the tips that they received from restaurant customers, employees who assisted with construction and renovation work at the restaurants, and employees who were not compensated at all for weeks in which they worked.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the Western District of New York because a substantial part of the events and/or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### The Parties

3. Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4. Defendant AGAVE ELMWOOD INC. d/b/a AGAVE MEXICAN RESTAURANT ("Agave Elmwood") is a corporation organized under the laws of the state of New York, having its process address at 73 Allen Street, Buffalo, New York 14202, and its principal place of business at 765 Elmwood Avenue, Buffalo, New York 14222, within the jurisdiction of this Court, where it was engaged in the business of operating a restaurant.

5. Defendant MIS REINAS FOODS, INC. d/b/a LA DIVINA MEXICAN STORE ("La Divina") is a corporation organized under the laws of the state of New York, having its process address and its principal place of business at 2896 Delaware Avenue, Kenmore, New

York 14217, within the jurisdiction of this Court, where it is engaged in the business of operating a restaurant.

6. Defendant DON TEQUILA DOS, INC. d/b/a EL AGAVE MEXICAN RESTAURANT ("El Agave") is a corporation organized under the laws of the state of New York, having its process address and its principal place of business at 3870 Union Road, Cheektowaga, New York 14225, within the jurisdiction of this Court, where it is engaged in the business of operating a restaurant.

7. Defendant DON TEQUILA, INC. d/b/a DON TEQUILA MEXICAN RESTAURANT ("Don Tequila, Inc.") was a corporation organized under the laws of the state of New York, having its process address at 99 Washington Avenue, Suite 1008, Albany, New York 122670, and its principal place of business at 73 Allen Street, Buffalo, New York 14202, within the jurisdiction of this Court, where it has been engaged in the business of operating a restaurant.

8. Defendant DON TEQUILA 73, INC. d/b/a DON TEQUILA MEXICAN RESTAURANT ("Don Tequila 73") is a successor entity of Don Tequila, Inc. Don Tequila 73 is a corporation organized under the laws of the state of New York, having its process address at 153 Elmwood Avenue, Buffalo, New York 14201, and its principal place of business at 73 Allen Street, Buffalo, New York 14202, within the jurisdiction of this Court, where it is engaged in the business of operating a restaurant.

9. Each of the defendant businesses referenced in paragraphs 4 through 8 above (collectively, the "corporate defendants") has regulated the employment of all persons employed by it, acted directly and indirectly in its interest in relation to the employees, and thus each entity is an employer of its employees within the meaning of section 3(d) of the Act.

3

10. Defendant SERGIO MUCINO ("Mucino") is the owner of defendants Agave Elmwood, La Divina, El Agave, and Don Tequila, Inc., and the general manager of Don Tequila 73, Inc.

11. Defendant Mucino is in active control and management of all of the corporate defendants. Defendant Mucino regulates the employment of all persons employed by him and has the authority to and does hire, fire, and supervise employees, control their hours worked, determine employee compensation, and otherwise act directly and indirectly in the interest of all of the corporate defendants in relation to the employees during the relevant time period. He is thus an employer of the employees within the meaning of section 3(d) of the Act.

12. Defendant Mucino resides in the state of New York, within the jurisdiction of this Court.

13. Defendant JOSE MANUEL SANCHEZ-OCAMPO ("J. Sanchez-Ocampo") was a manager of Agave Elmwood, La Divina, El Agave, and Don Tequila, Inc. and received a share of the profits from each entity during the relevant time period.

14. Defendant J. Sanchez-Ocampo is or has been in active control and management of Agave Elmwood, La Divina, El Agave, and Don Tequila, Inc. during the relevant time period. J. Sanchez-Ocampo regulates the employment of all persons employed by him and has the authority to and does hire, fire, and supervise employees, control their hours worked, determine employee compensation, and otherwise act directly and indirectly in the interest of all of the corporate defendants in relation to the employees during the relevant time period. He is thus an employer of the employees within the meaning of section 3(d) of the Act.

15. Defendant J. Sanchez-Ocampo resides in the state of New York, within the jurisdiction of this Court.

**Defendants are an Enterprise Engaged in Commerce**

16. The business activities of the corporate defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

17. The corporate defendants have common and centralized operational management by individual defendants Mucino and J. Sanchez-Ocampo.

18. The corporate defendants are all engaged in the restaurant business serving Mexican food and are jointly managed by the same individuals, including defendants Mucino and J. Sanchez-Ocampo, and manager Marquin Sanchez.

19. The enterprise (and each corporate defendant) has had an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint.

20. The enterprise (and each corporate defendant) has employees handing and using goods or materials that have been moved in or produced for commerce, such as food, condiments, ingredients, cooking equipment, and supplies.

21. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

**Defendants' Pay Practices**

22. During the relevant time period from June 30, 2014 through at least October 18, 2016 ("the relevant time period"), defendants employed employees in several job categories at each restaurant, including dishwashers, cooks, servers, bussers, bartenders, and hosts.

23. Some of these employees were also required to perform construction work at El Agave from approximately February 2015 through June 2015.

24. Defendants engaged in various pay practices for their non-exempt employees, including paying employees an hourly rate, a fixed weekly salary, or no wages at all, and by paying employees in cash and/or by check.

Servers

25. During the relevant time period, defendants employed full-time and part-time servers who customarily and regularly received tips from restaurant customers ("tipped employees") at Agave Elmwood, Don Tequila, and El Agave.

26. During the relevant time period, most of defendants' full-time servers typically worked in excess of forty hours per week, and worked as many as approximately sixty-six hours per week.

27. For example, during the relevant time period, most full-time servers at Agave Elmwood and El Agave typically worked six days per week, from approximately 10:00 a.m. to 10:00 p.m. with a two-hour break mid-day.

28. As another example, full-time servers at Don Tequila typically worked six days per week, from approximately 10:00 a.m. to 10:00 p.m., and sometimes as late as 2:00 a.m. on the weekends.

29. Defendants typically did not pay *any* wages to their full-time servers for most workweeks during the relevant time period.

30. For example, when a server worked a sixty-hour workweek at Agave Elmwood, defendants did not pay him an hourly wage or a weekly salary; the employee only received the tips that he earned from the restaurant's customers.

31. Further, defendants did not inform all tipped employees of the provisions set forth in section 3(m) of the Act, 29 U.S.C. § 203(m), and specifically failed to inform employees that their tips would be used as a credit against the minimum wage as required by the Act.

32. Accordingly, defendants failed to pay most servers at least the applicable statutory minimum wage rate prescribed in section 6 of the FLSA, 29 U.S.C. § 206.

Kitchen Employees and Bussers

33. Kitchen employees, including chefs, cooks, dishwashers, and prep workers, at each of the restaurants typically worked in excess of forty hours per week, from approximately sixty to sixty-six hours in most workweeks during the relevant time period.

34. Bussers employed at defendants' restaurants typically worked in excess of forty hours per week, from approximately sixty to sixty-six hours in most workweeks during the relevant time period.

35. Defendants paid most of their kitchen employees and bussers a fixed weekly sum without regard to the number of hours worked in a workweek.

36. Defendants paid bussers a weekly salary between approximately $200 and $550.

37. Defendants paid dishwashers a weekly salary of approximately $450.

38. Defendants paid cooks a weekly salary between approximately $500 and $700.

39. During the relevant time period, defendants failed to pay the minimum wage as prescribed by section 6 of the FLSA to bussers and dishwashers whose regular rate of pay fell below the applicable minimum wage.

40. During the relevant time period, as a result of paying fixed weekly salary for all hours worked during a single workweek, defendants failed to pay employees at one and a half

times their regular rate of pay when they worked in excess of forty hours per week during the relevant time period.

Missed Payments

41. In addition to defendants not paying any wages to most of their tipped employees, defendants did not pay several employees for weeks that they worked for defendants.

42. For example, defendants did not pay some of their employees who did construction or renovation work at El Agave from approximately February 2015 through June 2015.

43. As another example, defendants did not pay some employees for their last week of work before their employment ended.

44. Accordingly, defendants failed to pay the minimum wage in weeks in which the employee worked any hours and was not paid at least the applicable statutory minimum wage rate prescribed in section 6 of the FLSA.

**Defendants' Recordkeeping Practices**

45. At all relevant times during the relevant time period, defendants did not maintain and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment as prescribed by 29 C.F.R. Part 516.

46. Defendants did not maintain and preserve adequate and accurate records of most of their employees' actual daily and weekly hours worked.

47. Defendants did not maintain and preserve adequate and accurate records of most of their employees' regular hourly rates of pay and total weekly payments.

48. Defendants' payroll records did not accurately reflect the number of employees employed by defendants.

49. Defendants' payroll records did not accurately reflect the number of hours that employees worked or their pay rate.

50. Defendants attempted to simulate compliance with the Act by paying employees in cash and check and maintaining inaccurate records.

51. For example, payroll records from Agave Elmwood for 2015 show that a full-time server was paid a weekly check of $200 for 40 hours per week at a rate of $5 per hour, and in 2016, was paid $300 for 40 hours per week at a rate of $7.25 per hour. This employee, however, typically worked in excess of forty hours in most workweeks.

### Defendants' Actions are Willful

52. As is evident from some of defendants' payroll records, defendants knew of their obligations to pay their employees in compliance with the FLSA and to keep accurate records. For example, defendants paid certain servers the minimum wage, while taking a tip credit; yet they did not pay any wages to other servers.

53. Accordingly, defendants' failure to pay minimum wage and overtime and falsification of pay records that has led to the filing of this complaint are willful.

### Commonality of Defendants Don Tequila, Inc. and Don Tequila 73, Inc.

54. Defendant Don Tequila 73, Inc. is a successor corporation of Don Tequila, Inc.

55. Defendant Don Tequila, Inc. was incorporated on or about November 14, 2011.

56. Defendant Don Tequila, Inc. ceased its ordinary business operations on or about October 18, 2016 when defendants Mucino and J. Sanchez-Ocampo were arrested in an unrelated proceeding.

57. The Secretary began an investigation of defendants' compliance with the FLSA in November 2016 and presented the investigation findings to defendants on April 17, 2017.

58. Defendant Don Tequila 73, Inc. was incorporated on or about February 6, 2017.

59. Don Tequila 73 reopened the restaurant and commenced its ordinary business operations on or about May 16, 2017 at the same location, 73 Allen Street, under the same trade name, Don Tequila Mexican Restaurant, and with the same phone number.

60. Prior to resuming the restaurant's ordinary business operations, Don Tequila 73 had constructive notice that the Secretary's investigation found that Don Tequila, Inc. was not in compliance with the FLSA, and that Don Tequila, Inc. owed back wages and liquidated damages to its employees.

61. Prior to its reopening, the sign outside the restaurant stated, "Don Tequila Mexican Restaurant: Re-Opening Soon."

62. Don Tequila 73 resumed the restaurant's ordinary business operations using most or all of Don Tequila, Inc.'s existing equipment and inventory.

63. Upon information and belief, Don Tequila 73 resumed the restaurant's ordinary business operations using Don Tequila, Inc.'s New York State Liquor License to serve alcohol to its customers.

64. Don Tequila 73 resumed the restaurant's ordinary business operations relying on Don Tequila, Inc.'s customer base.

65. Don Tequila 73 continues to advertise itself to the public as the same Don Tequila Mexican Restaurant that was operated previously by Don Tequila, Inc.

66. Don Tequila 73 relies on the same or substantially similar management as Don Tequila, Inc., including defendant Sergio Mucino.

67. Yeslin A. Kimball a.k.a. Yeslin Greason is a principal shareholder of Don Tequila 73.

68. Upon information and belief, Yeslin A. Kimball a.k.a. Yeslin Greason is married to defendant Sergio Mucino.

69. Don Tequila, Inc. is an inactive corporation that has not generated any income since it ceased its ordinary business operations on or about October 18, 2016.

70. Don Tequila, Inc., having not generated any income since it ceased its ordinary business operations on or about October 18, 2016, is unlikely able to provide relief for the Secretary's claims.

71. Accordingly, defendant Don Tequila 73, Inc. is liable for the debts of its predecessor, defendant Don Tequila, Inc. for reasons including, but not limited to, the following: (a) there is "substantial continuity" between the two entities; and/or (b) the transaction between the two entities amounts to a "de facto" merger or "mere continuation."

## FIRST CAUSE OF ACTION
**Violation of Sections 6(a) and 15(a)(2) of the FLSA, Failure to Pay Minimum Wage**

72. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 71 of the Complaint.

73. As a result of failing to compensate some employees employed in an enterprise engaged in commerce or in the production of goods for commerce for most workweeks during the relevant time period, defendants have willfully violated the provisions of sections 6 and 15(a)(2) of the Act by failing to pay such employees at least $7.25 per hour, the applicable statutory minimum rate prescribed in section 6 of the Act.

74. Therefore, defendants are liable for any unpaid minimum wage compensation owing to their employees under section 6 of the Act and an additional equal amount as liquidated damages pursuant to section 16(c) of the Act, or in the event liquidated damages are not awarded, minimum wage compensation and prejudgment interest under section 17 of the Act.

## SECOND CAUSE OF ACTION
**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

75. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 71 of the Complaint.

76. Defendants in many workweeks have willfully and repeatedly violated sections 7 and 15(a)(2) of the Act by employing former and current employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty hours without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

77. Therefore, defendants are liable for unpaid overtime compensation owing to their employees under section 7 of the Act and an additional equal amount as liquidated damages pursuant to section 16(c) of the Act, or in the event liquidated damages are not awarded, overtime compensation and prejudgment interest under section 17 of the Act.

## THIRD CAUSE OF ACTION
**Violation of Sections 11(c) and 15(a)(5) of the FLSA, Recordkeeping**

78. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 71 of the Complaint.

79. Defendants have willfully and repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

**WHEREFORE**, cause having been shown, plaintiff respectfully prays for judgment against defendants providing the following relief:

(1) An injunction issued pursuant to section 17 of the Act permanently restraining defendants, their officers, agents, servants, employees, and those persons in active concert or

participation with defendants, from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

(2)     An order pursuant to section 16(c) of the Act finding defendants liable for unpaid minimum wage and overtime compensation found due defendants' employees listed on attached Exhibit A;

(3)     An order pursuant to section 16(c) of the Act finding defendants liable for an equal amount of liquidated damages (additional minimum wage and overtime compensation and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint); or in the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

(4)     An order compelling defendants to reimburse the Secretary for the costs of this action; and

(5)     An order granting such other relief as the Court may deem necessary or appropriate.

DATED:	June 30, 2017
	New York, New York

                                                  NICHOLAS C. GEALE
                                                  Acting Solicitor of Labor

                                                  JEFFREY S. ROGOFF
                                                  Regional Solicitor

                                                  /s Amy Tai
                                                  AMY TAI (AT0366)
                                                  Trial Attorney
                                                  U.S. Department of Labor
                                                  Office of the Solicitor
                                                  201 Varick Street, Room 983
                                                  New York, NY 10014
                                                  Tel: 646.264.3653
                                                  Fax: 646.264.3660
                                                  Tai.amy@dol.gov

                                                  *Attorneys for Plaintiff Secretary of Labor*
                                                  *R. Alexander Acosta*

**EXHIBIT A**

| FIRST NAME | LAST NAME | RESTAURANT(S) |
|---|---|---|
| Ahmad | Sohail | El Agave |
| Alejandra | Valdez-Leon | Don Tequila |
| Alexis | Ross | El Agave |
| Brian | Aguirre | El Agave |
| Courtney | Hannon | El Agave |
| Daniel | Calva-Serrano | Agave, Don Tequila |
| David | Perez | El Agave |
| Denis Omar | Lopez-Hernandez | El Agave |
| Erica | Aguirre | El Agave |
| Evodio | Gonzalez | El Agave |
| Francisco | Marroquin-Santizo | Agave |
| Frank | Doe | El Agave |
| Guagner | Perez-Gonzalez | El Agave |
| Hector | Lopez-Mejia | Agave |
| Hugo | Flores | El Agave |
| Jerry | Rodriguez-Hernandez | Don Tequila |
| Joel | Hernandez-Martinez | Agave, Don Tequila, El Agave |
| Jonathan | Doe | Don Tequila, El Agave |
| Jorge | Cardenas-Antonio | El Agave |
| Jose Antonio | Ramos-Salazar | La Divina |
| Josias Guadalupe | Rodriguez-Velazquez | Don Tequila |
| Juan | Bernal | Agave |
| Juan Antonio | Lopez Gonzalez | El Agave |
| Kayla | Kraus | Don Tequila, El Agave |
| Luis Fernando | Marroquin-Santizo | Agave, Don Tequila |
| Maritza | Aguilar-Olascodga | La Divina |
| Mayo | Aguirre | El Agave |
| Ninar | Perez-Roblero | El Agave |
| Pablo | Caal-Caal | Don Tequila |
| Raul | Lopez-Marquez | Agave, El Agave |
| Sergio | Roblero | El Agave |
| Stephanie | Hadley | Agave |
| Wilmar | Marroquin | El Agave |