UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
EUGENE SCALIA, Secretary of Labor, United States Department of Labor,    :

                    Plaintiff,

              v.    :

AGAVE ELMWOOD INC. d/b/a AGAVE MEXICAN RESTAURANT; DON TEQUILA DOS, INC. d/b/a EL AGAVE MEXICAN RESTAURANT; DON TEQUILA, INC. d/b/a DON TEQUILA MEXICAN RESTAURANT; DON TEQUILA 73, INC. d/b/a DON TEQUILA MEXICAN RESTAURANT, as successor to DON TEQUILA, INC.; MIS REINAS FOODS, INC. d/b/a LA DIVINA MEXICAN STORE; SERGIO MUCINO, individually; and JOSE MANUEL SANCHEZ-OCAMPO, individually,    :

                    Defendants.    :

No. 17-CV-605-EAW-HBS

-------------------------------------------------------------------

## DECLARATION OF AMY TAI IN SUPPORT OF THE SECRETARY'S MOTION TO COMPEL

I, AMY TAI, declare under penalty of perjury that the following is true and correct:

1. I am a Senior Trial Attorney with the United States Department of Labor, Office of the Solicitor, attorneys for Plaintiff Eugene Scalia, Secretary of Labor (the "Secretary") in this matter. I submit this declaration in support of the Secretary's Motion to Compel the Mucino Defendants to Appear for Depositions and Don Tequila 73, Inc. to Produce Documents.

2. Pursuant to Local Civil Rule 7(d)(3) and Rule 37(a)(1), I have in good faith conferred multiple times with Jacob Piorkowski, counsel for defendants, in attempt to resolve the discovery issues without the Court's involvement. Most recently, Mr. Piorkowski and I conferred by phone on August 5, 2020. Mr. Piorkowski could not confirm whether defendant Sergio Mucino would appear for depositions absent a court order. Mr. Piorkowski agreed to produce the Don Tequila 73, Inc. ("Don Tequila 73") documents, but to date, no such documents have been

produced despite counsel previously conveying that Don Tequila 73 will produce the responsive documents. Because of the Court's 30-day deadline to file a motion to compel prior to the close of discovery, I expressed that I had to file a motion to compel today.

3. The Secretary has been trying to take the depositions of defendants Sergio Mucino, Agave Elmwood, Inc., Don Tequila, Inc., Don Tequila Dos, Inc., and Mis Reinas Foods, Inc. (the "Mucino defendants") since May 2018. We previously noticed depositions for May 2018, October 2018, and January 2019. These depositions were adjourned to accommodate defendant Mucino's criminal proceeding. Because Mr. Piorkowski stated that he would advise his client to invoke the Fifth Amendment on many of the deposition questions while the criminal proceeding was pending, each time there was a delay in the criminal proceeding, the Secretary had to adjourn the depositions.

4. After Mucino received his criminal sentencing, in February 2019, the Secretary confirmed depositions of the Mucino defendants for March 12 and March 13, 2019. On March 8, 2019, counsel for defendants confirmed by e-mail that his clients "will sign the Consent Judgment for $1,118,020.00 as well as the corresponding Asset Affidavit," and thus, there was no need to proceed with the depositions. However, on March 15, 2019, after the depositions were canceled, defendants changed their minds about settlement.

5. Shortly thereafter, Mucino was incarcerated for approximately one year, during which time the Secretary's Motion to Enforce Settlement Agreement was pending before the Court. After the Court ruled on the motion on April 28, 2020, counsel for the Secretary contacted defendants to schedule depositions. U.S. Immigration and Customs Enforcement, however, had detained Mucino and then deported him to Mexico in or around May 2020.

6. On June 22, 2020, I e-mailed Mr. Piorkowski requesting his clients to stipulate to remote video depositions and for a court reporter located in the United States to remotely administer the oath to Mucino in Mexico. Attached hereto as Exhibit A is the Secretary's e-mail dated June 22, 2020.

7. On July 8, 2020, I spoke to Mr. Piorkowski by phone. He consented to remote video depositions and for the oath to be administered remotely to Mucino by a court reporter based in the United States. Thus, on July 9, 2020, I sent an e-mail memorializing defendants' consent and served the Secretary's Fourth Amended Notices of Deposition for the Mucino defendants on Mr. Piorkowski. Attached hereto as Exhibit B is the Secretary's e-mail dated July 9, 2020, and attached hereto as Exhibit C are the Fourth Amended Notices of Deposition. The depositions were noticed for July 29 and July 30, 2020.

8. When we spoke on July 8, I also reminded Mr. Piorkowski that Don Tequila 73 has not produced all of the responsive documents requested by the Secretary.

9. On July 21, 2020, I e-mailed Mr. Piorkowski requesting Mucino's e-mail address to send him a meeting invitation for the depositions to be conducted remotely by Microsoft Teams. Mr. Piorkowski responded that he was trying to obtain an e-mail for him. Attached hereto as Exhibit D is the e-mail exchange between counsel on July 21, 2020.

10. On July 22, 2020, I sent defense counsel a letter requesting Don Tequila 73 to produce its dissolution documents, bank statements, and canceled checks by July 28, 2020. Attached hereto as Exhibit E is the e-mail and letter dated July 22, 2020.

11. On July 26, 2020, I spoke with Mr. Piorkowski by phone. Because the parties were also in settlement discussions, he stated that he hoped to have the consent judgment signed by

defendants by the end of the day. I stated that if defendants did not sign the consent judgment, I would need Mucino's e-mail by the end of the day.

12. On July 28, 2020, I e-mailed Mr. Piorkowski, again requesting Mucino's e-mail address and the Don Tequila 73 documents. In the e-mail, I asked about the status of settlement and noted that we would need to cancel the depositions by noon that day to avoid incurring a cancellation fee. In response to my e-mail, Mr. Piorkowski stated "Let's cancel the deposition." Attached hereto as Exhibit F is the e-mail exchange between counsel on July 28, 2020.

13. Counsel also spoke by phone on July 28. Mr. Piorkowski stated that Mucino had not confirmed that he would appear for the depositions. He further stated that he did not have authority to give his client's e-mail to me. Because defendants consented to requesting a discovery extension, I adjourned the scheduled depositions to avoid incurring a late-cancellation or no-show fee.

14. On May 3, 2018, counsel for the Secretary deposed Yeslin Kimball, the 30(b)(6) representative for Don Tequila 73. Attached hereto as Exhibit G is a true and accurate copy of excerpts from the deposition transcript.

15. During the deposition, a pay stub and check from Don Tequila 73 signed by Sergio Mucino, for the pay period June 10, 2017 to June 16, 2017, was marked as Deposition Exhibit F. Attached hereto as Exhibit H is true and accurate copy of Deposition Exhibit F. The redacted information is identifying information about an employee.

16. The Secretary served his First Request for Production to All Defendants on December 7, 2017. Attached hereto as Exhibit I is a true and accurate copy of the Secretary's request.

17. Attached hereto as Exhibit J is a true and accurate copy of defendants' responses to the Secretary's First Request for Production to All Defendants dated March 2, 2018.

18. Attached hereto as Exhibit K is a true and accurate copy of defendants' supplemental responses to the Secretary's First Request for Production to All Defendants dated April 18, 2018.

DATED:   August 5, 2020
         New York, New York

                                            s/ Amy Tai
                                            AMY TAI
                                            Senior Trial Attorney
                                            U.S. Department of Labor
                                            Office of the Solicitor
                                            201 Varick Street, Room 983
                                            New York, NY 10014
                                            Tel: 646.264.3653
                                            Fax: 646.264.3660
                                            Tai.amy@dol.gov

                                            *Attorneys for Plaintiff Secretary of Labor Eugene Scalia*