UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

                      Plaintiff,

    v.

SERGIO MUCINO, et al.,

                      Defendants.

**17-CV-605-EAW-HBS**

**Order**

---

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b). Dkt. No. 6. Plaintiff has filed a letter motion raising two requests: first, that the Court enter a default against the unrepresented corporations that failed to obtain counsel after previous counsel withdrew; and second, that the Court compel defendant Sergio Mucino to "provide his e-mail address . . . for case-related correspondence" and permit the remote deposition of Mucino to proceed. Dkt. No. 77. The Court takes up each request in turn.

Plaintiff's request for an entry of default against the unrepresented corporations is GRANTED. Although Rule 55(a) refers to the Clerk of Court's duty to enter a default where a party has failed to "otherwise defend" in the proceeding, Fed. R. Civ. P. 55(a), it is well-established that "a district court judge also possesses the inherent power to enter a default." *First Tech. Cap., Inc. v. Airborne, Inc.*, 378 F. Supp. 3d 212, 216 (W.D.N.Y. 2019). As a non-dispositive pretrial matter, this Court may also do so. *See Calloway v. Pankopf*, No. 12-CV-441, 2014 WL 251907, at *2-3 (D. Nev. Jan. 22, 2014) ("[T]he determination of whether to direct the clerk to enter default under Rule 55(a) is not listed in 28 U.S.C. § 636(b)(1)(A) and is not dispositive."); *McColm v. Restoration Grp., Inc.*, No.

06-CV-2707, 2007 WL 1468992, at *1 (E.D. Cal. May 17, 2007) ("Mere entry of default under Fed. R. Civ. P. 55(a) is non-dispositive.").

Here, entry of default is appropriate because the unrepresented corporations did not obtain new counsel. The Court previously warned Mucino and these affiliated entities that corporations may not proceed *pro se*, and "[a]s a result, if counsel does not appear on behalf of the corporate entities, the entities may be subject to default and/or a default judgment." Dkt. No. 69. Having failed to heed the Court's warning, entry of default is proper. *See Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc.*, No. 13-CV-1629, 2013 WL 12334706, at *2 (S.D.N.Y. Aug. 20, 2013) ("[F]ailure to comply with a court's order that the defendant obtain counsel constitutes failure to 'otherwise defend' for the purpose of Rule 55(a) such that an entry of default is justified.").

Accordingly, the Clerk of Court shall enter default against defendants AGAVE ELMWOOD INC. d/b/a AGAVE MEXICAN RESTAURANT; DON TEQUILA DOS, INC. d/b/a EL AGAVE MEXICAN RESTAURANT; DON TEQUILA INC. d/b/a DON TEQUILA MEXICAN RESTAURANT; and MIS REINAS FOODS, INC., d/b/a LA DIVINA MEXICAN STORE.

Next, Plaintiff's second request is DENIED WITHOUT PREJUDICE. Plaintiff offers no legal authority to support his request that defendant Mucino be required to furnish an email address for case-related correspondence. Rule 5(b)(2)(E) permits service by "other electronic means" only if the party has consented to such method in writing. *See Martin v. Deutsche Bank Secs. Inc.*, 676 F. App'x 27, 29 (2d Cir. 2017) (summary order). Plaintiff offers no contrary authority to establish that the Court may compel a party to accept electronic service. If Plaintiff takes the position that the Court

does possess such authority, he may submit a properly supported motion to that effect, and the Court will take the issue under advisement.

However, regardless of whether the Court could order electronic service, the practical effect of such an order is not clear. Defendant Mucino has been deported to Mexico, and he has failed to provide an updated mailing address, in violation of the Court's October 1, 2020 order. Dkt. No. 69. Whether such conduct justifies an entry of default against Mucino is not a matter presently before the Court. But, given that Mucino has already disregarded the Court's orders and has seemingly declined to further participate in this action, it leaves the Court doubtful that an order permitting the remote deposition will offer any meaningful relief to Plaintiff.

For these reasons, the Court denies without prejudice Plaintiff's requests regarding electronic service and the remote deposition. To the extent Plaintiff wishes to renew these requests, he must file a formal, properly supported motion setting out the legal authority for his requests. In addition, given Mucino's failure to participate in the action, Plaintiff would need to explain how an order permitting the remote deposition would be enforced and effectuated. Alternatively, if Plaintiff no longer seeks such relief, Plaintiff shall meet and confer with the appearing defendant, and they shall submit a joint letter setting out the status of remaining discovery and their proposed schedule for completing any remaining discovery and submitting dispositive motions.

In either case, the motion or joint letter shall be submitted within fourteen days of the date of entry of this Order.

## CONCLUSION

For the reasons stated above, Plaintiff's letter motion (Dkt. No. 77) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. The Clerk of Court shall enter an order of default against defendants AGAVE ELMWOOD INC. d/b/a AGAVE MEXICAN RESTAURANT; DON TEQUILA DOS, INC. d/b/a EL AGAVE MEXICAN RESTAURANT; DON TEQUILA INC. d/b/a DON TEQUILA MEXICAN RESTAURANT; and MIS REINAS FOODS, INC., d/b/a LA DIVINA MEXICAN STORE. Plaintiff's other requests are denied without prejudice. Plaintiff's renewed motion or the parties' joint letter shall be submitted within fourteen days of the date of entry of this Order.

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: January 22, 2021