UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------

MILTON AL STEWART, Acting Secretary of Labor, United States Department of Labor,[1]

                Plaintiff,

v.

AGAVE ELMWOOD INC. d/b/a AGAVE MEXICAN RESTAURANT; DON TEQUILA DOS, INC. d/b/a EL AGAVE MEXICAN RESTAURANT; DON TEQUILA, INC. d/b/a DON TEQUILA MEXICAN RESTAURANT; DON TEQUILA 73, INC. d/b/a DON TEQUILA MEXICAN RESTAURANT, as successor to DON TEQUILA, INC.; MIS REINAS FOODS, INC. d/b/a LA DIVINA MEXICAN STORE; SERGIO MUCINO, individually; and JOSE MANUEL SANCHEZ-OCAMPO, individually,

                Defendants.

No. 17-CV-605-EAW-HBS

---------------------------------------------------------------------

## THE SECRETARY'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SANCTIONS AGAINST DEFENDANT SERGIO MUCINO

Pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "Rules"), Plaintiff Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor (the "Secretary") respectfully moves this Court to impose sanctions against *pro se* Defendant Sergio Mucino for his complete failure to defend this matter. Sanctions in the form of striking Mucino's answer and rendering a default judgment against him pursuant to Rule 37(b)(2)(A)(iii) and (vi) are warranted because: (1) Mucino is in contempt of the Court's Order dated October 1, 2020, which directed him to "notify the Court of a mailing address to which court documents and case-related correspondence may be sent," ECF No. 69; and (2) Mucino has failed to appear for his deposition,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Milton Al Stewart is automatically substituted for Plaintiff Eugene Scalia.

which was most recently noticed for July 29, 2020 and then subsequently compelled by Order dated August 14, 2020 when he was still represented by counsel, ECF Nos. 55, 59. While the Court's Order granting the Secretary's motion to compel Mucino to appear for his deposition did not have a particular date to appear, Mucino's failure to comply with the Court's Order to provide his mailing address is in effect the same as Mucino failing to appear for his deposition—which he has been evading for close to three years. Deliberately leaving no means for the Court or the Secretary to communicate with the *pro se* defendant, Mucino has completely deserted his defense of this action and leaves the Secretary with no option but to move this Court to impose default sanctions against him.

## BACKGROUND

On June 30, 2017, the Secretary filed the complaint in this matter, alleging that Defendants Sergio Mucino and the four restaurants that he operated—Agave Elmwood, Inc., Don Tequila Dos, Inc., Don Tequila, Inc., and Mis Reinas Food, Inc.—violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "Act" or the "FLSA"), by, *inter alia*, willfully failing to pay their employees the minimum wage and overtime compensation, and failing to maintain adequate wage and hour records. [2] *See* Compl., ECF No. 1. The Secretary seeks to recover unpaid back wages and liquidated damages, and to enjoin acts and practices that violate the provisions of the FLSA, and to obtain other appropriate relief. *Id*.

---

[2] On January 26, 2021, the Clerk of Court entered default against the four unrepresented corporations that were operated by Mucino. *See* ECF No. 81. Don Tequila 73, Inc., which the Secretary alleges is a successor liable to the debts of Don Tequila, Inc., remains represented and a party to this action. *See* ECF No. 1 ¶¶ 54-71. The Secretary also brought this action against Defendant Jose Sanchez-Ocampo, who entered a Consent Judgment that was so ordered by this Court on October 29, 2018. *See* ECF No. 37.

The procedural history of this case is well known. The Secretary has been trying to take the deposition of Defendant Mucino to no avail for almost three years. *See* Declaration of Amy Tai ("Tai Decl.") ¶ 3. Since May 2018, multiple scheduled depositions of Mucino have been adjourned to accommodate Mucino's criminal proceeding. *Id.* After his sentencing proceedings, the Secretary confirmed his deposition in March 2019, which was then canceled by Mucino because he agreed to resolve the case and sign a Consent Judgment. *Id.* ¶ 4. After canceling the deposition, Mucino backed out of the settlement. *Id.* Shortly thereafter, Mucino was incarcerated for approximately one year, and then immediately deported to Mexico in or around May 2020. *Id.* ¶ 5. At that time, Mucino was still represented by counsel, who consented to a remote videoconference deposition conducted with a U.S.-based court reporter that would remotely administer the oath to Mucino. *Id.* ¶ 6, Ex. A. Accordingly, the Secretary served a notice of deposition of Mucino for July 29, 2020. *Id.* ¶ 6, Ex. B. The day before the deposition, however, Mucino's counsel advised to cancel the deposition because Mucino had not confirmed his appearance. *Id.* ¶ 7. Thus, the Secretary adjourned the scheduled depositions to avoid incurring a late-cancellation or no-show fee. *Id.* On August 5, 2020, the Secretary moved to compel Mucino's appearance for a remote videoconference deposition for dates to be agreed upon by counsel for the parties. *See* ECF No. 55. Mucino did not oppose the motion. *See* ECF No. 58. Mucino's counsel, Jacob Piorkowski, however, stated that he intended to withdraw as counsel for Mucino. *Id.*

On August 14, 2020, the Court granted the Secretary's unopposed motion to compel, stating that it will set a deadline for Mucino's deposition after the resolution of Defendants' representation. *See* ECF No. 59. On October 1, 2020, the Court granted the motion to withdraw and Mucino's request for additional time—until November 16, 2020—to obtain counsel for himself and the four unrepresented corporations. *See* ECF No. 69. The Court ordered that, by

October 16, 2020, Mucino "shall notify the Court of a mailing address to which court documents and case-related correspondence may be sent." *Id.* It further ordered Attorney Piorkowski to serve a copy of the Court's Order on Mucino. *Id.* On October 6, 2020, Attorney Piorkowski served the Order via e-mail on Mucino. *See* ECF No. 71-2. Attorney Piorkowski further stated that he does not have a current mailing address or phone number for him, and has "only communicated with him via [e]mail or messaging apps over the last few months." *See* ECF No. 71-1 ¶ 7. To date, Mucino has neither complied with the Court's Order to provide his address by October 16, 2020 nor has new counsel entered an appearance on his behalf.

## ARGUMENT

Sanctions in the form of striking Defendant Mucino's answer and rendering a default judgment against him are warranted because he has failed to comply with the Court's Order to provide his mailing address to the Court and failed to appear for his deposition as required by Rule 37(d). Rule 37(b)(2)(A) provides: "If a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These "just orders" include: "(iii) striking pleadings in whole or in part;" and "(vi) rendering a default judgment against the disobedient party . . . ." Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi). Rule 37(d) authorizes the Court to impose sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d). Unlike Rule 37(b), "Rule 37(d) enables the Court to impose the same sanctions available under Rule 37(b)(2) absent a prior Order compelling discovery 'where there has been a complete failure to comply with discovery.'" *Buffalo Laborers Welfare Fund v. Elliott*, No. 04-CV-516S, 2008 WL 907385, at *2 (W.D.N.Y. Mar. 31, 2008) (quoting *Israel Aircraft Indus., Ltd. V. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977)).

4

Courts consider several factors in evaluating entering default as a sanction, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F. 3d 298, 302-03 (2d Cir. 2009). Further, default sanctions, while "strong medicine," are appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." *Id.* (quoting *Nat'l Hocky League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)); *Sieck v. Russo*, 869 F. 2d 131, 133-34 (2d Cir. 1989) (lesser sanctions would "encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall.").

Here, all four factors demonstrate that entering default is the appropriate and necessary sanction. First, Defendant Mucino's failure to respond to the Court's Order to provide his mailing address and attend his deposition are willful. Even when Mucino was represented by counsel, his unwillingness to comply with his deposition obligations was evident in his refusal to confirm with his own attorney his appearance at the most recently noticed and scheduled deposition on July 29, 2020. *See S.E.C. v. Setteducate*, 419 Fed. Appx. 23, 25 (2d Cir. 2011) (finding willfulness when defendant refused to attend deposition); *Audino v. Global IVR Solutions, LLC*, No. 16-CV-796V(F), 2019 WL 4396081, at *4 (W.D.N.Y. May 13, 2019) (finding willfulness and granting default sanctions when defendant refused to communicate with defendants' counsel regarding his scheduled deposition). In addition to his willful disregard for his discovery obligations, Mucino's failure to retain new counsel and to inform the Court of his contact information, as required by the Court also demonstrate that he has "consciously abandoned his defense of this matter." *Buffalo*

*Laborers Welfare Fund*, 2008 WL 907385, at *3 (finding willfulness and striking defendant's answer and entering default sanctions for defendant's "failure to respond to discovery, comply with the Court Orders, maintain contact with counsel, retain new counsel, or to in any way contact opposing counsel or the Court to inform of his whereabouts or participate in any other aspect"); *see also Brill v. Queens Lumber Co., Inc.*, No. 10 CV 1975, 2012 WL 441287, at *4 (E.D.N.Y. Feb. 10, 2012) ("[The defendant's] failure to communicate with counsel and his failure to notify the court and counsel of a change in address are evidence of his willful refusal to participate in the case and not a valid excuse.").

Second, lesser sanctions will not be effective here where Defendant Mucino has failed to participate in his defense. By failing to comply with the Court's October 1, 2020 Order to provide his mailing address, Mucino has declared his refusal to be deposed or otherwise mount a defense. As the Court made clear in its January 22, 2021 Order, it is "doubtful that an order permitting the remote deposition will offer any meaningful relief to Plaintiff." ECF No. 80. Indeed, by refusing to provide a means to contact Mucino "to which court documents and case-related correspondence may be sent," Mucino has made clear he intends to disobey the Court's Order compelling his deposition and all future orders. Accordingly, a lesser sanction would not be effective here. *See Setteducate*, 419 Fed. Appx. at 25 (affirming district court's grant of default sanctions even though it did not specifically address the efficacy of lesser sanctions when the record demonstrated lesser sanctions would have been ineffective).

Third, as to the duration of non-compliance, it has been almost three years since the Secretary first served a deposition notice on Defendant Mucino, and to date, he has failed to comply. It has been almost four months since Mucino was served with the Court's October 1, 2020 Order ordering him to provide his address by October 16, 2020 and for new counsel to enter an

appearance by November 16, 2020. *See* ECF No. 69. There is no reason to believe that Mucino did not receive the Court's Order as his former attorney served it on him. *See* ECF Nos. 71-1 ¶ 7, 71-2.

As to the fourth factor, whether Mucino has been warned of his non-compliance, the Court has not directly warned Mucino but it has warned him that the corporate defendants, if unrepresented, may be subject to default and/or a default judgment. *See* ECF No. 69. Rule 5.2(d) of the Local Rules of Civil Procedure also warns that a *pro se* party who fails to inform the Court of their current address "may result in dismissal of the case, with prejudice." Local R. Civ. P. 5.2(d). As the Second Circuit has held, "[a] party who flouts such orders does so at his peril." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). Given Mucino's abandonment of this action and refusal to provide a mailing address to the Court, even if the Court were to now issue an order warning him that his failure to comply would result in default sanctions, it would have little to no effect as the Court would only be able to serve him with such an order by leaving it with the Clerk of Court. *See* Fed. R. Civ. P. 5(b)(2)(D) ("leaving it with the court clerk if the person has no known address"); *e.g.*, *Davis v. United States*, No. 03 Civ. 934(SWK), 98 CR. 895(SWK), 2004 WL 1488371, at *4 (S.D.N.Y. July 1, 2004) ("Because no address is available for [petitioner], this Opinion and Order is being delivered to the Clerk," citing the same rule, then Fed. R. Civ. P. 5(b)(2)(C) ("providing for service on litigants for whom there is no known address")).

The most severe sanctions here are warranted because Mucino should not benefit from his own failure to comply with the Court's orders and his discovery obligations. Not only does Mucino's complete desertion of his case prejudice the Secretary and frustrate his efforts to prosecute the case, but it impacts the integrity of the judicial process. *Update Art, Inc.*, 843 F.2d

at 71, 73. Mucino's defiance has effectively left the Court with no choice but to prescribe the "strong medicine" of striking his answer and affirmative defenses and entering a default judgment against him. *Id.* at 73.

## CONCLUSION

For the foregoing reasons, this Court should grant the Secretary's motion for sanctions against Defendant Mucino, striking his answer and affirmative defenses and entering a default judgment against him.

DATED:   February 5, 2021
         New York, New York

                                      Respectfully submitted,

                                      ELENA S. GOLDSTEIN
                                      Deputy Solicitor of Labor

                                      JEFFREY S. ROGOFF
                                      Regional Solicitor

                                      /s Amy Tai
                                      AMY TAI
                                      Senior Trial Attorney
                                      U.S. Department of Labor
                                      Office of the Solicitor
                                      201 Varick Street, Room 983
                                      New York, NY 10014
                                      Tel: 646.264.3653
                                      Fax: 646.264.3660
                                      Tai.amy@dol.gov
                                      NY-SOL-ECF@dol.gov

                                      *Attorneys for Plaintiff Acting Secretary of Labor Milton Al Stewart*