UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARTIN WALSH, Secretary of Labor,
United States Department of Labor[1],

    Plaintiff,

   v.

AGAVE ELMWOOD INC. d/b/a AGAVE
MEXICAN RESTAURANT;
DON TEQUILA DOS, INC. d/b/a EL
AGAVE MEXICAN RESTAURANT;
DON TEQUILA, INC. d/b/a DON
TEQUILA MEXICAN RESTAURANT;
DON TEQUILA 73, INC. d/b/a DON
TEQUILA MEXICAN RESTAURANT, as
successor to DON TEQUILA, INC.;
MIS REINAS FOODS, INC. d/b/a LA
DIVINA MEXICAN STORE; and
SERGIO MUCINO, individually,

    Defendants.

_____

**DECISION AND ORDER**

1:17-CV-00605 EAW

## <u>INTRODUCTION</u>

Plaintiff Martin Walsh, Secretary of Labor for the United States Department of
Labor ("Plaintiff" or "Secretary"), commenced this action pursuant to the Fair Labor
Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (the "FLSA"). (Dkt. 1). Plaintiff seeks
back wages, liquidated damages, and injunctive relief from defendants Agave Elmwood

_____

[1] Martin Walsh became the Secretary of Labor on March 23, 2021, and is
automatically substituted as Plaintiff pursuant to Federal Rule of Civil Procedure 25(d).

Inc. d/b/a Agave Mexican Restaurant; Don Tequila Dos, Inc. d/b/a El Agave Mexican Restaurant; Don Tequila, Inc. d/b/a Don Tequila Mexican Restaurant; Don Tequila 73, Inc. d/b/a Don Tequila Mexican Restaurant, as successor to Don Tequila, Inc.; and Mis Reinas Foods, Inc. d/b/a La Divina Mexican Store (collectively "Corporate Defendants") and individual defendant Sergio Mucino ("Mucino") for allegedly failing to pay employees minimum wage and overtime premiums, and for maintaining false and inaccurate time and pay records.  (*Id.*).

Pending before the Court is Plaintiff's motion for sanctions against Mucino.  (Dkt. 82).  For the reasons set forth below, Plaintiff's motion is granted, but as ordered below, Mucino is granted leave to provide an updated address and any other information regarding his prior noncompliance with discovery obligations within 30 days of the date of this Decision and Order.  If Mucino fails to do so, the Clerk of Court is directed to strike Mucino's answer and enter default against him without further order of the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court has issued two prior Decisions and Orders in this matter (Dkt. 37; Dkt. 47), familiarity with which is assumed for purposes of this Decision and Order.  For ease of reference, the Court has summarized the salient facts and procedural history below.

On June 30, 2017, the Secretary initiated this action against the Corporate Defendants and individual defendants Mucino and Jose Manual Sanchez-Ocampo ("Sanchez-Ocampo"), alleging that they willfully violated the FLSA by failing to pay employees minimum wage, overtime pay, and by maintaining false and inaccurate time and pay records.  (Dkt. 1).

Mucino and the Corporate Defendants answered the Complaint and asserted a crossclaim against Sanchez-Ocampo on July 31, 2017.  (Dkt. 5).  Sanchez-Ocampo filed his own answer and crossclaim against Mucino on September 9, 2017 (Dkt. 9 at ¶ 14), which Mucino answered (Dkt. 13).

On September 26, 2018, the Secretary sought this Court's approval of a proposed consent judgment as to Sanchez-Ocampo.  (Dkt. 34).  The Court approved the proposed consent judgment and granted the Secretary's motion.[2]  (Dkt. 37).

Discovery proceeded as to Mucino and the Corporate Defendants.  The Secretary originally noticed the depositions of Mucino and the Corporate Defendants for May 2018.  (Dkt. 84 at ¶ 3).  Following several adjournments to accommodate criminal proceedings commenced against Mucino that culminated in a one-year prison sentence, the depositions were scheduled for March of 2019.  (Dkt. 84 at ¶ 3).

Prior to the March 2019 scheduled depositions, the parties engaged in settlement discussions for the entry of a proposed consent judgment for the back wages and liquidated damages owed.  (*Id.* at ¶ 4).  The depositions scheduled for March 2019 were canceled as a result of the parties' settlement discussions, which Plaintiff contends had resulted in a final agreement.  (*Id.*).  Shortly thereafter, defendant Mucino and the Corporate Defendants declined to sign the proposed consent judgment and related documents.  (*Id.*).  Plaintiff

---

[2]    The Sanchez-Ocampo Consent Judgment only resolved claims against Sanchez-Ocampo but did not resolve any claims against Mucino or the Corporate Defendants.  (Dkt. 37 at 16).  In the Sanchez-Ocampo Consent Judgment, Sanchez-Ocampo admitted that he was the general manager of Don Tequila; a manager of Agave Elmwood, Don Tequila Dos, and La Divina; and that he failed to keep accurate pay and time records and pay overtime to Don Tequila employees.  (Dkt. 37 at 11-12).

filed a motion to enforce the settlement on March 22, 2019 (Dkt. 40), which was denied by the Court on April 28, 2020 (Dkt. 47).

Following Mucino's release from incarceration, he was deported to Mexico in or around May of 2020. (Dkt. 84 at ¶ 5). At that time, Mucino, still represented by counsel, agreed to a remote videoconference deposition to be held on July 29, 2021, but the deposition was canceled the day before the deposition when Mucino did not confirm his appearance. (*Id.* at ¶¶ 6, 7). On August 5, 2020, Plaintiff moved to compel Mucino's appearance for a remote video conference deposition. (Dkt. 55). Mucino, through counsel, did not oppose the motion to compel a deposition but indicated that his counsel would be moving to formally withdraw from representation. (Dkt. 58). The magistrate judge granted the motion to compel, directed counsel to file his motion to withdraw, and upon resolution of the issue of representation, indicated that a deadline would be set for the Mucino deposition. (Dkt. 59). Counsel filed his motion to withdraw on August 27, 2020 (Dkt. 60), which was allowed on October 1, 2020 (Dkt. 69). In the Text Order allowing the motion, the magistrate judge permitted Mucino's request for additional time to obtain new counsel for himself and the Corporate Defendants and set a deadline for new counsel to file an appearance by November 16, 2020. (*Id.*). In addition, in the Text Order, it was ordered that "by October 16, 2020, Mr. Mucino shall notify the Court of a mailing address to which court documents and case-related correspondence may be sent." (*Id.*).

On December 14, 2020, Plaintiff filed a letter motion that, in part, sought to compel Mucino to proceed with a remote deposition and provide an email address and contact information for case-related correspondence. (Dkt. 77). On January 22, 2021, the

magistrate judge denied the motion to compel production of an email address and for remote deposition without prejudice, stating:

> To the extent Plaintiff wishes to renew these requests, he must file a formal, properly supported motion setting out the legal authority for his requests. In addition, given Mucino's failure to participate in the action, Plaintiff would need to explain how an order permitting the remote deposition would be enforced and effectuated. Alternatively, if Plaintiff no longer seeks such relief, Plaintiff shall meet and confer with the appearing defendant, and they shall submit a joint letter setting out the status of remaining discovery and their proposed schedule for completing any remaining discovery and submitting dispositive motions.

(Dkt. 80).

As of the present date, Mucino has not provided the Court with an updated address, nor has any counsel filed an appearance on his behalf or on behalf of the Corporate Defendants. Plaintiff filed the instant motion on February 5, 2021, asking the Court to issue an order striking Mucino's answer and rendering a default judgment against him pursuant to Federal Rule of Civil Procedure 37 due to his failure to appear for deposition or comply with the Court's Order to provide an updated mailing address. (Dkt. 82). Mucino has not responded to the motion.

## DISCUSSION

Federal Rule of Civil Procedure 37(d) provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court . . . may issue further just orders," including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;
    (iv) staying further proceedings until the order is obeyed;
    (v) dismissing the action or proceeding in whole or in part;
    (vi) rendering a default judgment against the disobedient party; or
    (vii) treating as contempt of court the failure to obey any order except an
    order to submit to a physical or mental examination.

Fed. R. Civ. P. 37 (b)(2)(A).  In addition, the Court may, on motion, order sanctions if a

party "fails, after being served with proper notice, to appear for that person's deposition[.]"

Fed. R. Civ. P. 37(d)(A)(i).  "Instead of or in addition to these sanctions, the court must

require the party failing to act, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust."  Fed. R.

Civ. P. 37(d)(3).

      "Striking an answer, like dismissal or entry of default, 'is a drastic remedy generally

to be used only when the district judge has considered lesser alternatives.'"  *Pelgrift v. 355

W. 51st Tavern Inc.*, No. 14-CV-8934 (AJN), 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23,

2016) (quoting *S. New England Tel. Co. v. Glob. NAPs Inc*., 624 F.3d 123, 144 (2d Cir.

2010)).  Further, "[b]efore the extreme sanction of preclusion may be used by the district

court, a judge should inquire more fully into the actual difficulties which the violation

causes, and must consider less drastic responses."  *Outley v. City of New York*, 837 F.2d

587, 591 (2d Cir. 1988).  In considering whether to impose sanctions pursuant to Rule

37(d), courts consider: "(1) the willfulness of the non-compliant party or the reason for

noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

noncompliance; and (4) whether the non-compliant party had been warned of the

consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quotation and citations omitted).

Here, the Court finds that imposition of sanctions is appropriate.  As to willfulness, Mucino's failure to provide an updated address as directed by the Court's Order[3] and failure to appear for a deposition over the course of a several year period, despite repeated efforts by Plaintiff to schedule it, demonstrates willful noncompliance.  No justification has been provided by Mucino for these failings.  *See Brill v. Queens Lumber Co., Inc*., No. 10 CV 1975(DLI), 2012 WL 441287, at *4 (E.D.N.Y. Feb. 10, 2012) ("[The defendant] was clearly aware of the existence of this lawsuit and of his status as a defendant in the case. . . . His subsequent failure to communicate with counsel and his failure to notify the court and counsel of a change in address are evidence of his willful refusal to participate in the case and not a valid excuse.").

Second, the Court cannot conclude at this time that lesser sanctions than striking Mucino's answer would be effective.  The October 1, 2020 Order denying Plaintiff's second motion to compel noted that "given that Mucino has already disregarded the Court's orders and has seemingly declined to further participate in this action, it leaves the Court doubtful that an order permitting the remote deposition will offer any meaningful relief to Plaintiff."  (Dkt. 80).  Mucino's failure to even respond to the instant motion or provide the Court with contact information would suggest that he has no intention of defending

---

[3]     In addition, Local Rule of Civil Procedure 5.2(d) provides that "[t]he Court must have a current address at all times.  Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address.  Failure to do so may result in dismissal of the case, with prejudice."

himself in this matter.   The Court is satisfied that alternative sanctions would not be effective.

The length of Mucino's noncompliance also supports the imposition of sanctions. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Vazquez v. Davis*, No. 12 CIV. 7630 ER, 2014 WL 5089457, at *5 (S.D.N.Y. Sept. 19, 2014).   Here, Plaintiff was directed to update his address over ten months ago and his deposition was delayed for a period of several years, attributable at least in part to dilatory behavior on his part.   This amount of delay can lead to prejudice. *See Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642 WFK ST, 2019 WL 360099, at *3 (E.D.N.Y. Jan. 11, 2019) (finding harsh sanctions warranted for the defendants' failure to respond to discovery in part because the defendant's "unjustified prolongation of this action . . . caused memories to fade, evidence to become stale or lost, and in these and other ways, [caused] prejudice" (quotation omitted)), *adopted*, 2019 WL 356939 (E.D.N.Y. Jan. 29, 2019).

Finally, Mucino was warned that if he failed to respond to the instant motion, that he risked the sanction of his answer being stricken and default being entered against him. (Dkt 85); *see also S.E.C. v. Razmilovic*, 738 F.3d 14, 26-27 (2d Cir. 2013) (affirming imposition of default judgment as sanction against defendant who failed to appear for deposition where the record reflected single court order advising that failure to appear would risk incurring sanctions including default judgment).

- 8 -

Notwithstanding satisfaction of the requisite elements, in light of Mucino's *pro se* status and in an abundance of caution, the Court will permit Mucino one last opportunity to provide any justification for his noncompliance prior to the imposition of the harsh sanction requested.  Plaintiff must provide the Court with an updated address and any information he wants the Court to consider with respect to the instant motion within 30 days of the date of this Order and is expressly warned that failure to respond will result in the imposition of the severe sanction of striking his answer and entry of a default judgment against him.  Any submission filed by Mucino shall specifically address not only his prior conduct in this litigation but any assurances upon which the parties and Court could rely as to future compliance with Court orders and participation in this litigation.

## **CONCLUSION**

For the reasons set forth above, the Court grants Plaintiff's motion for sanctions (Dkt. 82), but Mucino is granted leave to provide an updated address and any other information regarding his prior noncompliance with discovery obligations within 30 days of the date of this Decision and Order.  Should Mucino fail to respond within 30 days, the Clerk is directed to strike Mucino's answer and permit an entry of default against him. Plaintiff shall serve Mucino with a copy of this Decision and Order and Plaintiff's motion papers by regular mail on or before **August 31, 2021**, at his last known address, and to file proof of service of the same.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  August 24, 2021
          Rochester, New York